UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| FEDERAL ENERGY REGULATORY COMMISSION,<br><br>Petitioner,<br><br>v.<br><br>LINCOLN PAPER AND TISSUE, LLC,<br><br>Respondent.[1] | Case No. 1:13-CV-13056-DPW |

**LINCOLN PAPER AND TISSUE, LLC'S MOTION FOR LEAVE TO FILE
A NOTICE OF SUPPLEMENTAL AUTHORITY AND MEMORANDUM
<u>IN SUPPORT OF ITS MOTION TO DISMISS</u>**

In accordance with Local Rule 7.1(b)(3), Defendant Lincoln Paper and Tissue, LLC ("Lincoln") moves for leave to file a notice of supplemental authority and memorandum in further support of its Motion to Dismiss in order to bring to the Court's attention an important decision issued last week by the D.C. Circuit that provides an additional basis for this Court to rule that FERC lacks jurisdiction, as argued in Lincoln's Motion to Dismiss. In addition, Lincoln seeks to briefly address the recent, post-Motion to Dismiss filing by FERC of what FERC describes as the "records" below.

In its Motion to Dismiss, Lincoln alerted the Court that the question of FERC's general jurisdiction and authority over demand response programs, such as the one at issue here, was *sub judice* before the D.C. Circuit in *Elec. Power Supply Ass'n v. FERC*. *See* Lincoln Paper and

---

[1]   *See* Lincoln's Unopposed Motion Regarding Acceptance of Service and Extension of Time (D.I. 13) at 1 n.1.

Tissue, LLC's Memorandum of Law in Support of Motion to Dismiss Complaint (D.I. 20) at 20 n.30 ("Motion to Dismiss").  On May 23, 2014, the D.C. Circuit vacated, as prohibited "*ultra vires* agency action," FERC's attempt to establish jurisdiction over demand response programs like ISO-NE's Day-Ahead Load Response Program ("DALRP") and demand response providers like Lincoln.  *Elec. Power Supply Ass'n v. FERC*, Nos. 11-1486, *et al.*, slip op. at 16 (D.C. Cir. May 23, 2014) ("EPSA").[2]  The D.C Circuit ruling negated FERC's jurisdiction for *precisely* the same reasons that Lincoln put forward in its Motion to Dismiss:  1) FERC lacks jurisdiction over "the *retail non-purchases* that constituted Lincoln's participation in DALRP," and 2) FERC cannot exercise jurisdiction over retail demand response practices through its authority to regulate transactions "affecting or pertaining to" wholesale sales.  Motion to Dismiss at 20-22 (emphasis in original).

In the Motion to Dismiss, Lincoln also argued that FERC's claims are barred by the five-year statute of limitations in 28 U.S.C. § 2462 and that the prior FERC process was not an adversarial "adjudicatory administrative proceeding" which might permit a second five-year limitations period under the First Circuit's holding in *United States v. Meyer*, 808 F.2d 912, 920 (1st Cir. 1987).  Among other things, FERC argued in its Opposition to Lincoln's Motion to Dismiss (D.I. 34) that this action is timely under *Meyer* because "all material cited by the Commission was provided to Lincoln during the penalty assessment proceeding," that "Lincoln took ample advantage of this [FERC] process," and that other materials not provided to Lincoln, including depositions of seven witnesses, "focused on the Commission's investigations of

---

[2]   This decision is not yet published, but is available in unpublished form at the following citation:  2014 WL 2142113.

Competitive Energy Services, LLC. and Richard Silkman . . . and the Rumford Paper Company," and not on Lincoln.  Opposition at 16, 17 n.16.

Despite FERC's assertion, on May 5, 2014, FERC filed what it labeled the "administrative record" in this case and in the related CES/Silkman proceeding.  Those "records" include materials never before provided to Lincoln even though they have been in FERC's possession for years.  An analysis of those materials demonstrates why the FERC investigation bears no resemblance to an adversarial "adjudicatory administrative proceeding" as contemplated by *Meyer* and therefore why this action is time-barred.

Both the D.C. Circuit's ruling in *EPSA* and the FERC's filing of the so-called "administrative record" occurred after briefing on the Motion to Dismiss closed.

FERC has authorized Lincoln to represent that it does not oppose this motion.

**WHEREFORE**, in accordance with Local Rule 7.1(b)(3), Lincoln respectfully requests leave to file a Notice of Supplemental Authority and Memorandum in Support of its February 14, 2014 Motion to Dismiss FERC's Complaint.  Lincoln's proposed Notice of Supplemental Authority and Memorandum in Support is attached hereto as Exhibit A.

    Respectfully Submitted,

    LINCOLN PAPER AND TISSUE, LLC

    By their attorneys,

    /s/ William S. Scherman
    William S. Scherman (appearing *pro hac vice*)
    Brandon C. Johnson (appearing *pro hac vice*)
    Jason J. Fleischer (appearing *pro hac vice*)
    Kara B. Coen (BBO # 676731)
    Gibson Dunn & Crutcher LLP
    1050 Connecticut Ave, N.W.
    Washington, DC 20036-5306

        (202) 955-8500
        (202) 467-0539 (facsimile)
        WScherman@gibsondunn.com
        BCJohnson@gibsondunn.com
        JFleischer@gibsondunn.com
        KCoen@gibsondunn.com

        David J. Kerstein (appearing *pro hac vice*)
        Gibson Dunn & Crutcher LLP
        200 Park Ave
        New York, NY 10166-0193
        (212) 351-4000
        (212) 351-4035 (facsimile)
        DKerstein@gibsondunn.com

Dated: May 30, 2014

## LOCAL RULE 7.1 CERTIFICATE

I, Jason J. Fleischer, hereby certify that counsel for the parties conferred concerning the subject of this motion on May 30, 2014, and that Plaintiff FERC does not oppose this motion.

/s/ Jason J. Fleischer
Jason J. Fleischer

## CERTIFICATE OF SERVICE

I, Jason J. Fleischer, hereby certify that on May 30, 2014, I caused a copy of the foregoing document to be filed through the CM/ECF system, and that a copy of the document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Jason J. Fleischer
Jason J. Fleischer